JONES, JUDGE:
The claimant, Lawrence Barker was Commissioner of Labor for the State of West Virginia for approximately eight years, and when a new administration took office on January 1, 1969, he held over at the will and pleasure of the Governor until February 25, 1969, when á new Commissioner was appointed and took office. As Commissioner the claimant was paid his regular salary up to and including February 24, 1969. On the theory that he owed a duty to meet with the new Commissioner and divest himself of his trust in connection with the inventory and records of his office, he reported to work on February *53 25 and February 26, and on the afternoon of February 26 he saw the new Commissioner for the first time at a State Building and Construction Trades Meeting at the Heart-O-Town Motel in Charleston, and the new Commissioner requested that he stay on as a supplemental employee until the end of the month at a stipend of $50.00 per day. Under that arrangement the claimant reported for work and spent some time about the affairs of the office on February 27 and 28.
During the month of March, 1969, the claimant was regularly employed by West Virginia Laborers Trust Fund at the rate of $75.00 per day with his office near the State Capitol at 1624 Kanawha Boulevard East. During this time the new Commissioner again requested the services of the claimant in preparing for and conducting a wage rate hearing in Charles Town on the evening of March 13, 1969. The claimant worked in the office of the Wage and Hour Director on March 7, 10 and 11, gathering statistics relative to the hearing, and pursuant to a written authorization by the Commissioner of Labor he drove to Charles Town on March 13, 1969. Shortly after his arrival, he was informed that the hearing had been canceled and he returned to Charleston. The claimant was reimbursed for his expenses to and from Charles Town but he has never received compensation for any services rendered for the days February 25, 26, 27 and 28, or the days March 7, 10, 11 and 13.
It appears to the Court that the new Commissioner qualified and assumed the duties of his office on February 25, 1969, and that thereupon the claimant was divested of his duties and was no longer an official or employee of the State. It further appears that after the agreement to employ the claimant as a supplemental employee at the rate of $50.00 per day, he reported for work on February 27 and 28, and the Court is disposed to allow payment for the latter two days or the sum of $100.00.
With reference to the four days in March for which the claimant requests payment,, it appears in retrospect that there was little reason for employing the claimant to prepare for and present himself for a hearing that was never held, and we do not look with favor on the daytime “moonlighting” aspect of the employment. Nevertheless, there is nothing in the record to contradict the fact that the claimant was employed and performed services for which he is entitled to be paid.
*54 Accordingly, the Court is of opinion to allow the claimant payment for six days at the rate of $50.00 per day, and an award hereby is made to the claimant, Lawrence Barker, in the amount of $300.00.
Award of $300.00.